Marilyn Burgess - District Clerk Harris County
Envelope No. 61199889
By: Carolina Salgado
Filed: 1/27/2022 9:57 AM

Cause No. _____

| | | |
|---|---|---|
| Gwendolyn M. Lyons | § | IN THE DISTRICT COURT OF |
| | § | |
| -VS- | § | HARRIS COUNTY, TEXAS |
| | § | |
| Fiesta Mart, LLC | § | _____JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **GWENDOLYN M. LYONS**, hereinafter referred to as Plaintiff, and complains of **FIESTA MART, LLC** AND **FIESTA MART, LLC**, hereinafter referred to as Defendants. Whether one or more, and files this her Original Petition and would respectfully show this Honorable Court as follows:

### I.  Discovery Control Plan

1.1     Pursuant Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff alleges that discovery in this case should be conducted under Level of this Rule

### II.     Request for Disclosure

2.1     Pursuant to Rule 194of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 **within fifty days** of the service of this request.

### III. Parties

3.1     Plaintiff is a resident of Harris County, Houston, Texas.

3.2     Defendant, **FIESTA MART, LLC** is a Delaware limited liability company corporation authorized to transact business in the State of Texas. Defendant, **FIESTA MART, LLC's** principle place of business is in Texas and has been served with citation.  Said Defendant may be served with process by serving its agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## IV. Jurisdiction

4.1     The Court has jurisdiction of the subject matter of this lawsuit and the amount in controversy is within the minimum jurisdictional limits of this Honorable Court. The Plaintiff seeks monetary relief of over $250,000.00 but not more than $1,000,000.00

4.2     The court has personal jurisdiction over Defendant, Fiesta Mart, LLC because Defendant maintain continuous and systematic contacts within the State of Texas owning, leasing, servicing and/or providing services throughout the State of Texas. Additionally, Defendant maintains a registered agent in the State of Texas.

## VI. Venue

5.1     Venue is proper and maintainable in Harris County, Texas, pursuant to §15.002(a)(1) of the Texas Civil Practice & Remedies Code because all or a substantial part of the events giving rise to the claim occurred in Harris County, Texas.

## VI. Factual Background

6.1     On or about January 4, 2021, Plaintiff Gwendolyn M. Lyons was leaving Fiesta Mart, located at 98605 Braeswood Blvd., Houston, Texas 77031, Harris County, Texas. Plaintiff's serious injuries occurred when the door bar hit her on her right foot and heel, that had been allowed to remain on the pedestrian area designed for use by patrons/invitees of the grocery store. The condition of the door had been allowed for a long enough period of time that the Defendant should have known of the dangerous condition, or alternatively the Defendant had actual knowledge of the dangerous condition. Due to the severity of the injuries. Ms. Lyons required medical treatment and remains disabled.

6.2     At the time of the incident, Plaintiff was an invitee on the property in question. The property is owned, controlled, and/or managed by Defendant **FIESTA MART, LLC,** and serviced and maintained by Defendant. At no time did Plaintiff do or fail to do anything which caused or in anyway contributed to the incident in question. Plaintiff received no warnings prior to the incident and was fault. Said incident was

proximately caused by the negligence of Defendants and/or Defendants' agents, servants, employees and/or representatives.

## VII. Negligence of Defendant, Fiesta Mart, LLC

7.1     At the time ad on the occasion in question, Defendant **Fiesta Mart, LLC,** owed duties to Plaintiff, including but not limited to the following and, by various acts and omissions, breached these duties, each of which singularly or in combination, was a proximate cause of the occurrence in question and Plaintiff's injuries.

a. Plaintiff was an invitee on the property;

b. A condition on the premises posed an unreasonable risk of harm;

c. Defendant knew or reasonably should have known of the risk of harm;

d. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or make the condition safe.

e. Defendant breached the duty of ordinary care by allowing the substance to remain on the floor;

f. Defendant breached the duty of ordinary are by allowing the substance to remain on the floor; and

g. Defendant's breach proximately caused the Plaintiff's injuries.

7.2     At the time of the incident in question, Defendant **Fiesta Mart, LLC** and its agents servants, employees and/or representatives, controlled, serviced and/or maintained the exact premises in question where the incident took place. Defendant owed a duty to Plaintiff to prevent foreseeable risk of injury and assumed a duty to provide a safe premises. As a matter of routine, Defendant should have discovered the dangerous condition and taken corrective action in a timely manner, but failed to do so. Specifically, Defendant breached its duty of care by allowing the faulty existence of the door bar at the exit of the grocery store to be in the pedestrian aisle of the store and by not promptly assuring that invitees to the

grocery store had an unsafe and faulty door while exiting the grocery store after visiting and caused the incident in question and the resulting damages.

## VIII. *Respondeat Superior*

8.1     Plaintiff states that at the time of the occurrence made the basis of this suit, the individuals responsible for the upkeep of the of the walking/pedestrian areas of the grocery store were acting in the capacity as an agent, servant, and/or employee of Defendant **FIESTA MART, LLC,** and were acting within the course and scope of their authority as such. Therefore, the doctrine of *Respondeat Superior* should be applied to Defendants and they should be held responsible for the acts of their agents and/or employees and/or servants.

8.2     Plaintiff states that the foregoing, Defendants and their agents, representatives, servants and/or employees are jointly and severally liable for the damages and the injuries of Plaintiff..

## IX. Damages

9.1     By reason of the foregoing, Plaintiff has sustained damages for which she seeks compensation under the law;

a.     physical pain and suffering sustained by Plaintiff in the past and, in all reasonable probability, that Plaintiff will sustain in the future.

b.     mental anguish sustained by Plaintiff in the past and, in all reasonable probability, that Plaintiff will sustain in the future.

c.     medical expense Plaintiff has incurred in the past and, in all reasonable probability, that Plaintiff will sustain in the future.

d.     disfigurement sustained by Plaintiff in the past and, in all reasonable probability, that Plaintiff will sustain in the future.

e.     physical impairment sustained by Plaintiff in the past and, in all reasonable probability, that Plaintiff will sustain in the future.

f.     all other elements of damage to which Plaintiff may show herself to be entitled to under law.

## X. Interest

10.1    In addition to the above and foregoing allegations, Plaintiff further pleads that she is entitled to pre-judgment and post-judgment interest at the highest rate allowed by law.

## XI. Prayer

11.1    FOR THESE REASONS, Plaintiff prays that Defendant be duly cited to appear and answer herein, and that upon a final trial of this cause of action Plaintiff recover:

(a)     Judgment against the Defendant, for Plaintiff's actual damages as set forth above, in an amount within the jurisdictional limits of this Court;

(b)     Pre-judgment interest and post-judgment interest as provided by law;

(c)     Costs of court;

(d)     Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

DeSimone Law Office

By: */s/ Donald G. DeSimone*
Donald G. DeSimone
SBN: 05776710
4635 Southwest Freeway
Suite 850
Houston, Texas 77027
Email: ddesimone@desimonelawoffice.com
Phone#       (713) 526-0900
Fax#    (713) 526-8041
**Attorney for Plaintiff**

2/28/2022 1:19 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 62137399
By: Deandra Mosley
Filed: 2/28/2022 1:19 PM

## CAUSE NO. 2022-05311

| | | |
|---|---|---|
| **GWENDOLYN M. LYONS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **FIESTA MART, L.L.C.** | § | **189TH JUDICIAL DISTRICT** |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **FIESTA MART, L.L.C.**, Defendant in the above-entitled and numbered cause, and files its Original Answer to Plaintiff's Original Petition on file herein, and would respectfully show unto the Court the following:

### GENERAL DENIAL

1. Defendant generally denies the allegations contained in Plaintiff's Petition and demands strict proof thereof, pursuant to Rule 92 of the Texas Rules of Civil Procedure.

### AFFIRMATIVE DEFENSES

2. The Defendant says that it owed the Plaintiff no duty under the facts and circumstances of the alleged accident claimed herein.

3. The incident complained of in Plaintiff's Petition was caused by negligence and carelessness on the part of the Plaintiff, and this was the sole cause and/or the proximate cause of the incident and Plaintiff's damages, if any.

4. Pleading in the alternative, if such be necessary, the Defendant would further show the Court that Plaintiff's damages, if any, were the result of an unavoidable accident.

5. Pleading in the alternative, if such be necessary, the Defendant would further show the Court that Plaintiff assumed the risk involved.

6.      Defendant denies that a condition on Defendant's premises posed an unreasonable risk of harm or created an unreasonably dangerous condition.

7.      Defendant denies that it had actual or constructive knowledge of the condition of which the Plaintiff complains.

8.      The Defendant would show the Court that the condition complained of in Plaintiff's Petition was open and obvious to any person, and to this Plaintiff.

9.      Defendant states that this accident was caused by the action or actions of some third party, but through no negligence of Defendant herein, and such acts or omissions of the third party were the sole cause and/or the proximate cause of the incident and Plaintiff's damages, if any.

10.     For further answer, if such be necessary, Defendant will further show that Plaintiff's alleged damages are the result of an intervening, superseding, or new and independent cause for which Defendant has no responsibility.

11.     Pleading further, Defendant says that the discovery in this case may show that the injuries, conditions and/or damages allegedly sustained by the Plaintiff herein were caused, in whole or in part, by prior or subsequent medical problems, injuries, conditions or other events involving or pertaining to the Plaintiff for which this Defendant is not legally responsible.

12.     Pleading further and without waiving the foregoing, Plaintiff suffered from pre-existing conditions, not caused by any action or inaction on the part of Defendant and consequently. Plaintiff is entitled only to any exacerbation of pre-existing condition, but not for the condition itself.

13. To the extent that the Plaintiff's medical expenses exceed the amount actually paid or incurred by or on behalf of the Plaintiff, the Defendant asserts the statutory defense set forth in §41.0105 of the Texas Civil Practice & Remedies Code. Recovery of medical or healthcare expenses is limited to the amount actually paid or incurred by or on behalf of the Plaintiff.

14. Further, to the extent the Plaintiff is seeking recovery for loss of earnings, loss of wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law as required by §18.091 of the Texas Civil Practice & Remedies Code.

15. Pleading further and without waiving the foregoing, Defendant specifically pleads and incorporates by reference as an affirmative defense all applicable caps and limitations upon any award of damages, both compensatory and punitive, which are provided by law, including but not limited to the Texas Civil Practice & Remedies Code, the Texas Constitution and the United States Constitution.

16. Pleading further and without waiving the foregoing, Defendant asserts that claims for pre and post judgment interest are limited by the dates and amounts set forth in the Texas finance Code Chapter 304.

17. The Defendant invokes Rule 193.7 of the Texas Rules of Civil Procedure and gives notice of its intention to use any and all documents produced in discovery responses as evidence in any pre-trial proceedings or the trial itself.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that upon trial hereof, it has Judgment and that it be adjudged that the Plaintiff take nothing by reason of her suit, and that the Defendant be discharged and go hence without delay and recover of and from the Plaintiff all

the costs that it has so unduly expended, and for such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled, and for all of which it will ever pray.

Respectfully submitted,

RAMSEY & MURRAY, P.C.

_____
Craig M. Shivers, Jr.
SBOT No. 24033064
800 Gessner, Suite 325
Houston, Texas 77024
713/613-5400
713/613-5414 (fax)
cshivers@ramseyandmurray.com

Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this the 28th day of February 2022, a true and correct copy of the foregoing trial witness list was served on all counsel of record electronically via eFileTxCourts.gov.

_____
Craig M. Shivers, Jr.

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Karen Lynn on behalf of Craig Shivers
Bar No. 24033064
lynn@ramseyandmurray.com
Envelope ID: 62137399
Status as of 2/28/2022 1:27 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Donald G.DeSimone | | ddesimone@desimonelawoffice.com | 2/28/2022 1:19:18 PM | SENT |
| Craig M.Shivers, Jr. | | cshivers@ramseyandmurray.com | 2/28/2022 1:19:18 PM | SENT |
| Corinne Rogers | | rogers@ramseyandmurray.com | 2/28/2022 1:19:18 PM | SENT |